UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT SCHIMEK, M.D., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7636** |
| **LAFAYETTE INSURANCE COMPANY** | **SECTION B(4)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand (Rec. Doc. No. 2). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs sustained significant damage to their business located at 3217 Canal Street, New Orleans, Louisiana as a result of Hurricane Katrina. Plaintiffs' relevant United Fire & Casualty and Lafayette Insurance Company Policies were effective on August 29, 2005.

On August 25, 2006, Plaintiffs filed suit against Defendants in the Civil District Court for the Parish of Orleans. Plaintiffs generally alleged claims of breach of contract and infliction of emotional distress. Defendants removed the matter to federal court claiming that federal subject matter exists pursuant to federal question jurisdiction.[1] Defendants contend that federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMJTA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

---

[1] Although Plaintiffs' motion to remand focuses entirely on issues of improper joinder, the Court is not addressing these issues since Defendants' only jurisdictional basis for removal asserted in their notice of removal (Rec. Doc. No. 1-1) is pursuant to federal question jurisdiction.

1

## *LAW AND ANALYSIS*

**A.     Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

Defendants contend that jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B) considering: (1) Plaintiffs' claims arose from Hurricane Katrina and (2) Defendants were parties in multiple Katrina-related matters when the Notice of Removal was filed.  28 U.S.C. § 1369(a) provides that:

> [t]he district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1)  a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2)  any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3)  substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides that:

> a defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or

1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[2] Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 13th day of March, 2007.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[2] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).